IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3140-BO

ERIC M. MCMILLIAN,
    Plaintiff,

v.

LT. LOCKLEAR,
    Defendant.

**ORDER**

Eric M. McMillian filed this pro se 42 U.S.C. § 1983 action alleging constitutional violations arising while housed as a pre-trial detainee at the Wake County Public Center. Now before the court is defendant's motion to dismiss. (D.E. # 17) Plaintiff responded to the pending motion with a motion to strike (D.E. # 20), a motion to alter or amend the complaint (D.E. # 22), and a motion for default judgment (D.E. # 23). On March 29, 2010, the North Carolina Department of Correction Division of Prisons sent a letter to the court which stated Eric C. McMillian had been released from incarceration at Central Prison on March 24, 2010. (D. E. # 24) Defendant's motion asserts plaintiff's failure to exhaust the prison's administrative remedies. The matter is ripe for determination.

Because the court has considered matters outside of the pleadings, defendant's motion shall be considered as one for summary judgment. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on

the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

Defendant raises the affirmative defense of plaintiff's failure to exhaust administrative remedies before filing this action. The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Both Wake County Jail and the North Carolina Department of Correction have an administrative remedy procedure which governs the filing of grievances. See, e.g., Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished).

There is an administrative remedy available to all inmates at the Wake County Jail to address grievances, regardless of inmate housing assignment, inmate classification, their disciplinary status,

2

level of education, reading ability, or native language. (Plaintiff's Mem. in Supp. of Mot. to Dismiss, Aff. Frank Gunter, Director of Detention for the Wake County Sheriff's Office, ¶ 3). Each inmate committed to Wake County Jail is given a copy of the jail rules and regulations in the <u>Wake County Detention Division Inmate Handbook</u>. (Id., ¶ 4) The handbook is available in both English and Spanish. (Id.) The handbook provides information about grievance forms and inmate appeals. (Id.) The jail regularly provides these forms upon request. (Id.) The grievance procedure is well documented and no grievance exists regarding this suit. (Id., ¶ 7 and 8) Plaintiff appears to argue that he was unaware of the misconduct until a later date which circumvents the need for exhaustion. (D.E. # 21). However, filing suit before exhausting administrative remedies precludes this claim from review. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Therefore, the claim is dismissed for failure to exhaust.

Accordingly, defendant's motion to dismiss which is construed as a motion for summary judgment is ALLOWED (D.E. # 17). The motion to strike is ALLOWED as it is construed as a response to defendant's motion (D.E. # 20). The motion to amend the complaint is ALLOWED and considered (D.E. # 22). Lastly, the motion for default is DENIED (# 23) as there has been no default. The case is CLOSED.

SO ORDERED, this the __7__ day of July, 2010.

TERRENCE W. BOYLE
United States District Judge

3

Case 5:09-ct-03140-BO   Document 27   Filed 07/08/10   Page 3 of 3